**Christine RUSH**

v.

**SCOTT SPECIALTY GASES, INC.**

**Civil Action No. 95–CV–0748.**

United States District Court,
E.D. Pennsylvania.

Aug. 6, 1996.

Martha Sperling, Silver & Sperling, Doylestown, PA, for Plaintiff.

J. Freedley Hunsicker, Jr., Patricia Proctor, Drinker Biddle & Reath, Philadelphia, PA, for Defendant.

## MEMORANDUM

JOYNER, District Judge.

On April 19, 1996, a jury in this Court found that Plaintiff Christine Rush had been discriminated against on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17 (1994) and the Pennsylvania Human Relations Act (PHRA), 43 Pa.Cons.Stat.Ann. §§ 951-63 (1991 & Supp.1994). The jury awarded Plaintiff an amount in excess of four million dollars and Plaintiff subsequently accepted a remittitur of this amount to $603,-000. Plaintiff now seeks an award of attorney's fees and costs under 42 U.S.C. § 1988.

42 U.S.C. § 1988 grants courts discretion to award prevailing parties "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b); *see also* 43 Pa.Cons.Stat. Ann. § 962(c)(4)(c.2) (PHRA also provides for attorney's fees). When the plaintiff is the prevailing party and in the "absence of special circumstances[,] a district court not merely 'may' but *must* award fees." *Independent Fed'n of Flight Attendants v. Zipes,* 491 U.S. 754, 761, 109 S.Ct. 2732, 2736, 105 L.Ed.2d 639 (1989) (citing *Newman v. Piggie Park Enter.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)); *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983).

In order to receive attorney's fees, the applicant bears the burden of proving that (1) she is a prevailing party and (2) the fee request is reasonable both in rate and in hours claimed. *Farrar v. Hobby,* 506 U.S. 103, 111-12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992); *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990) (citing *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939). If contested, the challenger must "specify with particularity the reasons for its challenge and the category (or categories) of work being challenged," but "need not point to each individual excessive entry." *Bell v. United Prince-*

*ton Properties, Inc.,* 884 F.2d 713, 721 (3d Cir.1989).

▉ A district court possesses considerable discretion in fixing the fee amount in light of the objections, but may not make reductions on its own. *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 721 (3d Cir.1989). A court should deduct hours that are "excessive, redundant, or otherwise unnecessary." *Rode,* 892 F.2d at 1183. Thus, the court may deduct hours spent litigating claims on which the party did not succeed if those claims are factually and legally distinct from the ones on which she did prevail. Moreover, the court should deduct hours that are not sufficiently documented. *Id.* Finally, the hours claimed should be reviewed in the context of the experience and qualifications of the attorney seeking the award. After all, a "fee applicant cannot demand a high hourly rate—which is based on his or her experience, reputation, and presumed familiarity with the applicable law—and then run up an inordinate amount of time researching that same law." *Ursic v. Bethlehem Mines,* 719 F.2d 670, 677 (3d Cir. 1983).

▉ After a court has established the reasonable amount of time spent, it must determine the reasonable hourly rate, calculated in accordance with the prevailing market rate in the relevant community. *Rode,* 892 F.2d at 1177 (citing *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984)). If the charged rate is supported by the applicant and not challenged by the opposing party, the court must accept that rate as the reasonable one. *Black Grievance Comm. v. PECO,* 802 F.2d 648, 653 (3d Cir.1986).

▉ After determining the reasonable hourly rate and time reasonably expended, the court multiplies the two factors to reach the lodestar, which is the presumed reasonable fee. *Rode,* 892 F.2d at 1183; *Rainey v. Philadelphia Housing Auth.,* 832 F.Supp. 127, 129 (E.D.Pa.1993). This does not end the calculation, however. The district court has discretion to adjust the lodestar if it is not reasonable in light of the results obtained. *Rode,* 892 F.2d at 1183.

We turn now to the task of applying the above law to this action. We note first where there is no disagreement. There is no dispute that Plaintiff is the prevailing party, and as such, is entitled to an award of reasonable attorney's fees and costs. Second, there is no dispute over the hourly rate charged by Plaintiff's two attorneys. The disputes arise over the reasonableness of certain categories of hours spent and costs expended. We address each disputed area in turn.

## A. ATTORNEY'S FEES

### 1. Frivolous Motions

▉ Defendant asserts that several sets of motions were frivolous and unrelated to the litigation of this action on the merits. Accordingly, Defendant seeks to discharge the hours spent on those motions. It is well established that an applicant cannot recover for hours spent on unnecessary prosecution of the action. *Rode,* 892 F.2d at 1183.

▉ Insofar as Plaintiff's Submitted Uncontested Stipulation of Facts and the related Motion for Sanctions go, Plaintiff's Motions were unnecessary. Although the pleadings may have stemmed from innocent misunderstandings and miscommunication, the issue should have been easily resolved without recourse to this Court. We do not attempt to lay blame for this impasse on either side, however, the fact is that Plaintiff's motion was denied in full. We do agree that Plaintiff's counsel was entitled to make the initial phone call to Defendant to determine whether a conflict existed. The motion practice that followed, though, was not reasonable. For this reason, we do not award fees for hours spent on this issue after the initial phone calls. *See* Appendices A & B.

▉ Second, with respect to the Motion for Summary Judgment, hindsight makes it clear that the number of genuine issues of material fact made a grant of Plaintiff's Motion highly unlikely. The Motion was directly related to Plaintiff's prosecution of the action, however, and as such, we will grant fees for those hours.

■ Third, Plaintiff's Motion for Injunctive Relief was both legally and factually unwarranted. Plaintiff had not laid a record to support such a request and this Court accordingly denied it. The hours attributed to creating that motion and costs associated with it will not be recoverable. *See* Appendices A, B & C.

■ Finally, Plaintiff's Motions for Stay, Reconsideration and Certification were relevant to the litigation and not obviously unnecessary. The Motion for Clarification was not. This portion of the Motion is intertwined with the other portions, however, and so we will award Plaintiff the hours spent on the entire Motion. *Rode,* 892 F.2d at 1183.

### 2. Travel Time

■ Defendant argues that Plaintiff's counsel's travel time should not be reimbursed at counsel's full billing rates. Rather, Defendant suggests that counsel should be compensated at half their regular rates. *Ryan v. Raytheon Data Sys. Co.,* 601 F.Supp. 243, 256 (D.Mass.1984); *Student Public Interest Research Grp. v. Monsanto Co.,* 721 F.Supp. 604, 614 (D.N.J.1989). Further, Defendant argues that traveling does not require the skill of an attorney and so the full attorney rate should not be charged. *Stair v. Lehigh Valley Carpenters,* 66 FEP Cases 1502, 1504, 1994 WL 172727 (E.D.Pa. 1994).

We disagree with Defendant, however, and agree with Plaintiff that the full rate should be awarded for Plaintiff's counsel's travel time. As the case cited by Plaintiff observes, the attorney loses opportunity time by traveling to trial and should be compensated for that time as much as time spent otherwise on the client. *Henry v. Webermeier,* 738 F.2d 188, 194 (7th Cir.1984); *see also Abrams v. Lightolier Inc.,* 50 F.3d 1204, 1225 (3d Cir. 1995); *Coalition to Save Our Children v. State Bd. of Educ.,* 901 F.Supp. 824, 834 (D.Del.1995). Further, one of Plaintiff's counsel has submitted an affidavit that she spent her commuting time working on Plaintiff's file. There is no assertion that Plaintiff's counsel's travel itself was unnecessary or duplicative and so we award those hours in full.

### 3. Unanswered Phone Calls

■ Defendant next seeks to discharge the time counsel billed for placing unanswered phone calls. *Strauss v. Springer,* 817 F.Supp. 1237, 1253–54 (E.D.Pa.1993). Plaintiff claims that her counsel should be reimbursed for that time because each phone call was preceded by time spent preparing for the phone call. We agree with Defendant, however, and will not count that time towards the reasonable hours spent. *See* Appendices A & B.

### 4. Fee Petition

■ In its final attack on Plaintiff's counsel's hours, Defendant contends that it does not require great legal skill to produce a fee petition and so counsel's hourly rate should be reduced with respect to the hours spent on the fee petition. In support, it cites cases holding that the amount awarded for a fee petition should be considered separately from the consideration of hours spent on the actual case. *Planned Parenthood of S.E. Pa. v. Casey,* 869 F.Supp. 1190, 1200 (E.D.Pa.1994); *Sinclair v. Insurance Co. of North America,* 609 F.Supp. 397, 408 (E.D.Pa.1984); *Richerson v. Jones,* 506 F.Supp. 1259, 1265 (E.D.Pa. 1981).

Plaintiff does not address this precise point, however, we do not find any reason to change the compensation for this time. The number of hours spent do not appear to be excessive and legal skills were most likely required, especially considering that counsel must have personally reviewed their time records to determine which hours could be billed. Further, we find that this petition is distinguishable from the cases cited by Defendant. In *Planned Parenthood,* for example, the Court had already made a 60% reduction in the award based on plaintiff's limited success on the merits. In *Sinclair,* the Court held that the number of hours expended on the petition was excessive, but awarded the reduced hours at the regular rate. For the above reasons, the hours associated with the fee petition will stand.

Having determined Plaintiff's counsel's reasonable rates and the reasonable amount of time expended, we now multiply the two to arrive at the lodestar. Plaintiff seeks $250 an hour for Attorney Sperling and we have concluded that all but 14.50 of her hours are reasonable. She has requested 560.40 hours,[1] accordingly, she will be compensated for 545.90 of them. At $250 an hour, she will be awarded $136,475. Attorney Tomlinson has requested 429 hours at $175 an hour. We deduct 8.5 of those hours, bringing us to 420.50, for a total of $73,587.50 in attorney's fees for Ms. Tomlinson. The total lodestar, therefore, is $210,062.50. There is no argument, and we see no reason, to adjust the lodestar, and so it stands. Accordingly, Plaintiff shall be awarded $210,062.50 in attorney's fees under 42 U.S.C. § 1988.

## B. COSTS

### 1. Inadequate Documentation

 Defendant contests the $968.09 claimed in Plaintiff's Supplemental Petition on the basis that it is inadequately documented. It is plain that costs cannot be awarded unless they are adequately documented. *Coalition to Save Our Children*, 901 F.Supp. at 833. The Supplemental Petition seeks various amounts for unnamed Federal Express and Westlaw services and an $800 charge for photostats.

Plaintiff objects to this simply by asserting that her counsel's records are carefully documented. We disagree, however, and find that there is no indication why these costs were incurred. We cannot award costs unless they are related to the action and this list provides no indication of the subject matter of the work. Further, when $800 is spent in just over a month, post-verdict, eyebrows are properly raised and some explanation is needed. For this reason, these costs are denied unless Plaintiff can further clarify them. *See* Appendix C.

### 2. Travel and Lodging Expenses

 Defendant contests counsel's charges for expenses to and from Philadel-phia during the trial, their hotel stay for three nights of the trial and the cost of flying one witness to Philadelphia from Maine and lodging her for one night. Defendant reasons that if Plaintiff's counsel seek to be considered Philadelphia attorneys for the purpose of establishing their hourly rates, they should also be considered Philadelphia attorneys in terms of being able to go home at night. Defendant points out that the trial recessed each evening between 4:30 and 5:00 and that Plaintiff's counsel both live within commuting distance of Philadelphia.

Further, Defendant takes issue with Plaintiff's choice of lodging. Counsel and Plaintiff's witness stayed at the Omni Hotel, a fine hotel convenient to this Courthouse. Finally, Defendant wishes not to pay for the travel expenses of Plaintiff's witness, who Defendant asserts was a non-essential and indeed prejudicial witness.

Plaintiff's response is that travel conditions were bad the first few days of trial and that counsel determined not to commute three hours a day on top of long hours in and out of court. She does not address the alleged extravagance of the hotel choice.

First, we disagree with Defendant that lodging at the Omni is excessive. Second, we find that it is not unreasonable or unnecessary for Plaintiff's counsel to have stayed at a local hotel for several nights of the trial. This case is unlike the ones cited by Defendant, where the plaintiffs' attorneys were from different states. Here, Plaintiff hired counsel from the suburbs of Philadelphia and their expenses can be reimbursed. Third, we dismiss Defendant's arguments with respect to Plaintiff's out-of-state witness and will award costs associated with her trip to and from Philadelphia for the trial.

Plaintiff has claimed $12,540.89 in costs. As discussed, $968.09 of that is inadequately documented and $10.75 is unreasonable; therefore, Plaintiff shall be awarded only $11,562.05 in costs. *See* Appendix C.

An appropriate Order follows.

---

1. Sperling's time sheets total 560.4 hours, however, a mathematical error on one "total" line mis-states her hours by .20, creating a short-fall of $35.00 in her total demand.

## APPENDIX A

The following hours claimed by Attorney Martha Sperling are not awarded.

| DATE | DESCRIPTION | HOUR |
| --- | --- | --- |
| 10/27/93 | Two attempted calls to Mr. Danese of EEOC re: filing retaliation | .20 |
| 10/27/93 | Attempted calls to witnesses | .30 |
| 7/23/95 | Three attempted calls to Jay Warren, Paul Witte and Rene Bedoya re: their depositions—no one was available | .30 |
| 8/2/95 | Two attempted calls to Atty. Hunsicker | .20 |
| 9/14/95 | Two attempted and one complete telephone conference with Tom Nailos | .10 |
| 10/4/95 | Attempted call to client, left message | .10 |
| 10/13/95 | Attempted telephone conference with Atty. Hunsicker, left message | .10 |
| 10/25/95 | Two attempted calls to witness, Tom Sassaman | .20 |
| 10/27/95 | Two telephone conferences with Atty. Proctor re: Statement of Uncontested Facts | .30 |
| 10/27/95 | Two telephone conferences with Atty. Tomlinson re: conversations with defense counsel regarding Statement of Uncontested Facts | .30 |
| 10/27/95 | Prepare letter to Judge Joyner re: Plaintiff's version of Uncontested Facts | .20 |
| 10/27/95 | Prepare Statement of Uncontested Facts | 2.00 |
| 10/30/95 | Conference call with Attys. Proctor, Hunsicker and Tomlinson re: Stipulated Facts | .30 |
| 10/30/95 | Review letter from defense counsel | .10 |
| 10/31/95 | Review copy of letter from defense counsel to Judge Joyner | .10 |
| 10/31/95 | Prepare Motion for Sanctions and Memorandum of law thereon | 4.00 |
| 11/01/95 | Prepare two-page letter to Judge Joyner re: Stipulation of Uncontested Facts | .40 |
| 11/02/95 | Prepare letter to Clerk filing Motion for Sanctions | .10 |
| 11/14/95 | Review Defendant's Memorandum of Law opposing Plaintiff's Motion for Sanctions | .30 |
| 5/2/96 | Prepare letter to Clerk of Court filing Plaintiff's Motion for Permanent Injunctive Relief and Memorandum of Law Thereon | .20 |

| DATE | DESCRIPTION | HOUR |
| --- | --- | --- |
| 5/29/96 | Work on Memorandum of Law in reply to Deft's Opposition to Injunctive Relief | 4.50 |
| 5/30/96 | Prepare letter with enclosures to Clerk | .20 |
| | **TOTAL** | 14.50 |

14.5 hours × $250/hour = $3,625.00 deducted

## APPENDIX B

The following hours claimed by Attorney Elizabeth O'Connor Tomlinson are not awarded.

| DATE | DESCRIPTION | HOUR |
| --- | --- | --- |
| 2/8/94 | Attempted call to Thelma Wright–Bey of PHRC left message for her to return same | .10 |
| 2/16/94 | Attempted telephone conference with client, left message on her machine | .10 |
| 2/24/94 | Attempted call to client, left message | .10 |
| 3/1/94 | Attempted telephone call to Thelma Wright–Bey of PHRC, left message | .10 |
| 3/18/94 | Attempted call to Ms. Bey, left message | .10 |
| 3/22/94 | Attempted call to Ms. Bey, left message as to whether she has heard from Atty. Hogel on a possible settlement | .10 |
| 6/10/94 | Attempted call to Ms. Bey of PHRC, left message | .10 |
| 7/24/94 | Attempted call to Jay Warren at home, he has moved, tried his new number, not in service | .20 |
| 7/25/94 | Attempted call to Jay Warren at work, left message re: difference in Knoll's job | .10 |
| 8/9/94 | Attempted call to Atty. Michael Hardiman of PHRC re: investigation | .10 |
| 8/9/94 | Attempted call to Jay Warren, left message on his answering machine | .10 |
| 8/10/94 | Attempted call to Jay Warren, left message on his answering machine | .10 |
| 11/3/94 | Attempted call to client, left message | .10 |
| 11/3/94 | Attempted call to Jay Warren, left message on his machine | .10 |
| 12/2/94 | Returned client's call, not in, left message | .10 |
| 6/26/95 | Attempted call to Atty. Proctor re: Document Requests, left message | .20 |
| 10/27/95 | Two telephone conferences with Atty. Sperling re: her conversation with defense counsel re: Statement of Uncontested Facts | .30 |

| DATE | DESCRIPTION | HOUR |
|---|---|---|
| 10/30/95 | Telephone conference with Atty. Sperling re: initiating conference call with Attys. Proctor and Hunsicker | .10 |
| 10/30/95 | Conference call with Attys. Proctor, Hunsicker, and Sperling re: Stipulated Facts | .30 |
| 4/25/96 | Research re: post-trial motions on punitive damages and injunctive relief | 3.00 |
| 4/26/96 | Draft Motion for Injunctive Relief | 1.50 |
| 4/29/96 | Finalize Motion for Injunctive Relief and Memorandum of Law thereon | 1.50 |
| | TOTAL | 8.50 |

8.5 Hours × $175/hour = $1,487.50 deducted

## APPENDIX C

The following costs claimed by Plaintiff are not awarded.

| DATE | EXPENSE | AMOUNT |
|---|---|---|
| 5/2/96 | Postmaster-express mail Motion for Injunctive Relief to Clerk of Court for filing | 10.75 |
| 6/14/96 | Federal Express | 72.75 |
| 6/19/96 | Westlaw Research at Law Library | 20.34 |
| 6/21/96 | Federal Express | 25.00 |
| 6/25/96 | Federal Express | 50.00 |
| 5/6–6/25/96 | Photostats | 800.00 |
| | TOTAL | $978.84 |

$978.84 deducted

## ORDER

AND NOW, this 6th day of August, 1996, upon consideration of Plaintiff's Motion for Attorneys' Fees and Costs and Supplements thereto, and upon consideration of the responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART in accordance with the attached Memorandum. It is hereby ORDERED that Defendant Scott Specialty Gases, Inc. shall pay Plaintiff $210,062.50 in attorney's fees and $11,562.05 in costs within thirty days of the date of this Order's entry.