# RHODES ET AL. *v.* STEWART

No. 88–139.   Decided October 17, 1988

2

PER CURIAM.

After entry of a judgment for the plaintiffs in a suit by two prisoners under 42 U. S. C. § 1983, the District Court for the Southern District of Ohio, Eastern Division, ordered the defendants to pay the plaintiffs' attorney's fees pursuant to 42 U. S. C. § 1988. There is no entitlement to attorney's fees, however, unless the requesting party prevails; and by the time the District Court entered its judgment in the underlying suit one of the plaintiffs had died and the other was no longer in custody. In this posture, the plaintiffs were not prevailing parties under the rule we set forth in *Hewitt* v. *Helms*, 482 U. S. 755 (1987), and the Court of Appeals for the Sixth Circuit erred in affirming the award of fees by the District Court.

I

On January 17, 1978, while in the custody of the Ohio Department of Rehabilitation and Correction, Albert Reese and Larry Stewart filed a complaint alleging violations of their First and Fourteenth Amendment rights by officials who refused them permission to subscribe to a magazine. On April 2, 1981, the District Court issued an opinion and an order, later amended in respects no longer pertinent to the case. The court ruled that correctional officials had not applied the proper procedural and substantive standards in denying the inmates their request, and ordered compliance with those standards.

Two months later, the District Court entered an award of fees in favor of the attorneys for Reese and Stewart in the amount of $5,306.25. The Court of Appeals for the Sixth Circuit affirmed. 703 F. 2d 566 (1982). We granted certiorari, vacated the judgment, and remanded the case to the Court of Appeals for further consideration in light of *Hensley* v. *Eckerhart*, 461 U. S. 424 (1983). *Rhodes* v.

*Stewart*, 461 U. S. 952 (1983). On remand from the Court of Appeals, the District Court confirmed its earlier award.

None of the opinions or orders cited thus far made reference to, or showed awareness of, two salient facts: Reese died on February 18, 1979; and Stewart, the sole respondent now before us, was paroled on March 15, 1978, and given a final release from parole on January 17, 1980. In consequence, when the District Court issued its original order on April 2, 1981, neither plaintiff was in the State's custody. For reasons that remain unexplained, petitioners here did not raise this matter until their appeal of the District Court's order after remand.

A divided Court of Appeals upheld the award of fees, concluding that the mootness of the claim when the judgment was issued did not undermine respondent's status as a prevailing party eligible for attorney's fees. Affirmance order, 845 F. 2d 327 (1988). In an unpublished opinion, the majority characterized the relief plaintiffs had received as declaratory relief. The panel majority noted our recent holding in *Hewitt* v. *Helms, supra,* that a plaintiff must receive some relief on the merits of his claim before he can be said to have prevailed within the meaning of § 1988. It observed, however, that the plaintiff in *Hewitt,* unlike Stewart, had not won a declaratory judgment, and concluded that the declaratory judgment issued in this case justified the granting of attorney's fees.

## II

The Court of Appeals misapprehended our holding in *Hewitt.* Although the plaintiff in *Hewitt* had not won a declaratory judgment, nothing in our opinion suggested that the entry of such a judgment in a party's favor automatically renders that party prevailing under § 1988. Indeed, we confirmed the contrary proposition:

> "In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the

defendant that the judgment produces—the payment of damages, or some specific performance, or the termination of some conduct. Redress is sought *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any other action. The real value of the judicial pronouncement—what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*" 482 U. S., at 761 (emphasis in original).

A declaratory judgment, in this respect, is no different from any other judgment. It will constitute relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant toward the plaintiff. In this case, there was no such result. The lawsuit was not brought as a class action, but by two plaintiffs. A modification of prison policies on magazine subscriptions could not in any way have benefited either plaintiff, one of whom was dead and the other released before the District Court entered its order. This case is thus controlled by our holding in *Hewitt*, where the fact that the respondent had "long since been released from prison" and "could not get redress" from any changes in prison policy caused by his lawsuit compelled the conclusion that he was ineligible for an award of fees. 482 U. S., at 763. The case was moot before judgment issued, and the judgment therefore afforded the plaintiffs no relief whatsoever. In the absence of relief, a party cannot meet the threshold requirement of § 1988 that he prevail, and in consequence he is not entitled to an award of attorney's fees.

Certiorari is granted, and the decision of the Court of Appeals is reversed.

*It is so ordered.*

JUSTICE MARSHALL, dissenting.

I continue to believe that it is unfair to litigants and damaging to the integrity and accuracy of this Court's decisions

to reverse a decision summarily without the benefit of full briefing on the merits of the question decided. *Buchanan* v. *Stanships, Inc.*, 485 U. S. 265, 269–270 (1988) (MARSHALL, J., dissenting); *Commissioner* v. *McCoy*, 484 U. S. 3, 7–8 (1987) (MARSHALL, J., dissenting); *Montana* v. *Hall*, 481 U. S. 400, 405–410 (1987) (MARSHALL, J., dissenting).

The Rules of this Court urge litigants filing petitions for certiorari to focus on the exceptional need for this Court's review rather than on the merits of the underlying case. Summary disposition thus flies in the face of legitimate expectations of the parties seeking review by this Court and deprives them of the opportunity to argue the merits of their claim before judgment. Moreover, briefing on the merits leads to greater accuracy in our decisions and helps this Court to reduce as much as is humanly possible the inevitable incidence of error in our opinions. Finally, the practice of summary disposition demonstrates insufficient respect for lower court judges and for our own dissenting colleagues on this Court.

It is my view that when the Court is considering summary disposition of a case, it should, at the very least, so inform the litigants and invite them to submit supplemental briefs on the merits. I remain unconvinced that this slight modification of our practice would unduly burden the Court. The benefits of increasing the fairness and accuracy of our decisionmaking and the value of according greater respect to our colleagues on this and other courts more than outweigh any burden associated with such a modest accommodation.

I dissent.

JUSTICE BLACKMUN, with whom JUSTICE BRENNAN joins, dissenting.

Because courts usually do not award remedies in cases that are moot, the novel legal issues presented here do not require this Court's plenary consideration, at least at this time. I therefore would just deny the petition for certiorari. Inasmuch, however, as the Court has chosen to grant the peti-

tion, I would give the case plenary consideration with ·full briefing and argument. Because I believe that summary reversal is inappropriate, I dissent.

The Court summarily reverses the Court of Appeals' judgment for being contrary to "our holding in *Hewitt* [v. *Helms*, 482 U. S. 755 (1987)]," *ante*, at 3. That case clearly does not control here. In *Hewitt*, the plaintiff never obtained a "formal judgment in his favor," 482 U. S., at 761, and the question there was whether he nonetheless could qualify as a "prevailing party," thereby making him eligible for attorney's fees under 42 U. S. C. § 1988. The Court ruled that he could not because nothing about his lawsuit changed the defendants' behavior towards him.

Here, however, respondent did obtain a "formal judgment in his favor," although he no longer was incarcerated at the time. Thus, this case presents the question whether to be a "prevailing party" it is enough to win one's lawsuit. *Hewitt* did not decide this question, nor could it have, since it did not concern a plaintiff who had obtained "all or some of the relief he sought through a judgment." 482 U. S., at 760.

The Court quotes a passage from *Hewitt* and construes it as stating that the entry of a declaratory judgment, without practical consequences, would not suffice for the purposes of § 1988. *Ante*, at 3–4. In context, however, this passage simply bolsters the Court's point about when a nonfinal "statement of law" in a judicial opinion may be deemed the functional "equivalent of declaratory relief" under § 1988. 482 U. S., at 761. Indeed, it would be ironic if this passage purported to resolve a question not before the Court in *Hewitt*, as it extols the "judicial pronouncement" limited to resolving the particular "case or controversy" at hand rather than rendering an "advisory opinion" on a question not presented by the facts of the immediate dispute. *Ibid.* Thus, I believe that the *Hewitt* opinion was not meant to tell us, or the Court of Appeals, how to decide this case. But even if it did, I would not summarily reverse the Court of Appeals on

this basis for the very reason that our own pronouncements lose their controlling authority when they attempt to decide questions not before the Court at the time.[1]

Quite apart from the Court's interpretation of *Hewitt*, I have doubts about its interpretation of the term "prevailing party" in § 1988. In ordinary usage, "prevailing" means winning. In the context of litigation, winning means obtaining a final judgment or other redress in one's favor. While the victory in this case may have been an empty one, it was a victory nonetheless. In the natural use of our language, we often speak of victories that are empty, hollow, or Pyrrhic. Thus, there is nothing anomalous about saying that respondent prevailed although he derived no tangible benefit from the judgment entered in his favor. Certainly the language of the statute does not so obviously compel a contrary conclusion as to warrant summary reversal.[2]

It is true that respondent here should not have obtained his judgment, since his case had become moot. But the fact that a party should not have "prevailed" ordinarily would not deprive him of attorney's fees.[3] Perhaps an exception should be made when the defect in the judgment goes to the court's jurisdiction, as mootness does, but the resolution of this issue

---

[1] See *United States* v. *Hollywood Motor Car Co.*, 458 U. S. 263, 272, 275 (1982) (dissenting opinion) (summary reversal is inappropriate when this Court's prior precedents do not "mandate" or "compel" reversal). See also *EEOC* v. *FLRA*, 476 U. S. 19, 26, n. 5 (1986) (STEVENS, J., dissenting) (this Court customarily reserves summary dispositions for settled issues of law).

[2] See *Ganey* v. *Edwards*, 759 F. 2d 337, 340 (CA4 1985) (plaintiff is entitled to attorney's fees simply because judgment was entered in his favor). In addition, other Courts of Appeals have held that a judgment of nominal damages suffices for § 1988. *E. g.*, *Skoda* v. *Fontani*, 646 F. 2d 1193 (CA7 1981); *Perez* v. *University of Puerto Rico*, 600 F. 2d 1 (CA1 1979).

[3] For example, if a defendant failed to raise a statute of limitations defense and the court entered a judgment for the plaintiff, and that judgment became final, I assume that the defendant later could not object to an award of attorney's fees on the ground that the plaintiff should not have prevailed because his claim was barred by the statute of limitations.

is not obvious.[1]   It surely is not one that should be decided without benefit of briefing and oral argument.

I dissent from the Court's summary disposition of this case.

---

[1] Cf. *Garrity* v. *Sununu,* 752 F. 2d 727, 736, n. 8, 738 (CA1 1984) (an Eleventh Amendment issue not previously raised may not be used "to collaterally attack the court's judgment solely for the purpose of avoiding payment of the fees award") (footnote omitted).