544 So.2d 1067 (1989)
John Edward HOFFMEISTER, Ruth Hoffmeister, Etc., et al., Appellants,
v.
Gregory COLER, Secretary of the State of Florida, Department of Health and Rehabilitative Services, Etc., et al., Appellees.
No. 88-1519.
District Court of Appeal of Florida, Fourth District.
June 7, 1989.
Rehearing Denied June 7, 1989.
*1068 Myron H. Burnstein, Hollywood, and Fred Goldstein, Plantation, for appellants.
Leonard T. Helfand of Florida Dept. of Health and Rehabilitative Services, Miami, for appellee-HRS.
DELL, Judge.
Appellants, John Edward and Ruth Hoffmeister, appeal from a final judgment denying their claim, pursuant to 42 U.S.C. § 1988, for attorney's fees.
Appellant John Edward Hoffmeister suffered from Alzheimer's Disease. He had resided at the John Knox Village of Florida (medical center) for nearly five years where he received skilled and supervised nursing care which included feeding him by hand since he could not feed himself. The medical center notified appellant, Ruth Hoffmeister, that it intended to institute a "watch" to monitor his weight and that in the event he lost additional weight it intended to institute forced feedings by means of intravenous tubes, naso-gastric tubes or gastrostomy. Mrs. Hoffmeister, supported by Mr. Hoffmeister's physician, opposed such forced feedings. The medical center informed Mrs. Hoffmeister that a policy letter of the Department of Health and Rehabilitative Services (HRS) required expulsion from the medical center if a physician or a family member refused to permit forced feeding. Appellants filed suit pursuant to 42 U.S.C. § 1983 to prevent forced feeding of John Hoffmeister or in the alternative, to prevent his expulsion from the medical center.
Approximately two months after appellants filed suit, HRS promulgated a new rule pertaining to forced feeding of patients. Based on the new rule, the parties entered into a stipulation for entry of a final declaratory judgment. The trial court stated in its final judgment: "JOHN EDWARD HOFFMEISTER cannot be discharged from the MEDICAL CENTER for refusing forced feedings in accordance with the stipulation."
Appellants filed a motion to tax costs and for an order determining entitlement to attorney's fees pursuant to 42 U.S.C. § 1988. Appellees argued that since HRS had begun developing a new policy on forced feeding before appellants filed suit, the change in the HRS policy did not occur as a result of the lawsuit and accordingly appellants could not be awarded fees as a prevailing party. The trial court awarded appellants costs in the amount of $145 but denied their claim for attorney's fees, finding that appellants were not prevailing parties in this action.
In Texas State Teachers Association v. Garland Independent School District, 489 U.S. ___, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the United States Supreme Court recognized a conflict between the Circuit Courts of Appeal concerning the proper standard for determining whether a party has "prevailed" in an action brought under certain civil rights statutes. The Court pointed out that the Fifth and Eleventh Circuits required that a party succeed on the "central issue" in the litigation and achieve the "primary relief sought" in order to be eligible for an award of attorney's fees under § 1988. The Court observed that: "Most of the other Federal Courts of Appeals have applied a less demanding standard, requiring only that a party succeed on a significant issue and receive some of the relief sought in the lawsuit to qualify for a fee award." Id. 109 S.Ct. at 1489. The Court opted for the "any significant issue" standard.
We think the language of Nadeau v. Helgemoe [581 F.2d 275 (1st Cir.1978)], quoted in our opinion in Hensley [v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)], adequately captures the inquiry which should be made in determining whether a civil rights plaintiff is a prevailing party within the meaning of § 1988. If the plaintiff has succeeded on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit" the plaintiff has crossed the threshold to a fee award of some kind. Nadeau, 581 F.2d at 278-279. The floor in this regard is provided by our decision in Hewitt v. Helms, 482 U.S. 755 [107 S.Ct. 2672, 96 L.Ed.2d 654] (1987). As we noted there, *1069 "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." Id., at 760 [107 S.Ct. at 2675]. Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988 the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. Id., at 760-761 [107 S.Ct. at 2675-2676]; Rhodes v. Stewart, 488 U.S. ___, ___ [109 S.Ct. 202, 203, 102 L.Ed.2d 1] (1988). Beyond this absolute limitation, a technical victory may be so insignificant, and may be so near the situations addressed in Hewitt and Rhodes, as to be insufficient to support prevailing party status.
Id. at 1493.
We recognize the trial court did not have the benefit of the Supreme Court's decision in Texas State Teachers when it determined appellants' entitlement to attorney's fees. Based on the record before us, it appears that appellants did prevail on a "significant issue." Under the stipulation reached by the parties, John Hoffmeister cannot be force fed. Therefore we reverse the trial court's order denying appellants' motion for attorney's fees. We remand this cause for an evidentiary hearing to determine the amount of attorney's fees to which appellants may be entitled for the proceedings conducted in the trial court and on appeal, based on the standards enunciated in Texas State Teachers v. Garland.
REVERSED and REMANDED.
POLEN and GARRETT, JJ., concur.