**EMMIS PUBLISHING CORPORATION,**
Petitioner,

v.

**INDIANA DEPARTMENT OF STATE REVENUE, and Kenneth L. Miller in his Capacity as Commissioner of the Indiana Department of State Revenue, Respondents.**

No. 49T05–9011–TA–00059.

Tax Court of Indiana.

March 22, 1994.

Stephen H. Paul, Edwin W. Free, III, Baker & Daniels, Indianapolis, for petitioner.

Pamela Carter, Atty. Gen., Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondents.

## ORDER ON MOTION TO RECONSIDER

FISHER, Judge.

The Petitioner, Emmis Publishing Corporation (Emmis), has filed a motion to reconsider[1], asking the court to reconsider its decision in *Emmis Publishing Corp. v. Indiana Department of State Revenue* (1993), Ind.Tax, 612 N.E.2d 614.[2] In the earlier case, Emmis challenged the use by the Respondent, the Indiana Department of Revenue (the Department), of 45 I.A.C. 2.2.-5–26(b)(2) in deciding whether Emmis was entitled to the benefits of IND.CODE 6–2.5–5–17, the gross retail (sales) tax exemption for newspapers. *Emmis*, 612 N.E.2d at 621–22. The court granted Emmis's request to strike down the regulation because the regulation established unconstitutional content-based criteria to determine whether a publication is a newspaper. *Id.* at 623.

Emmis also claimed the Department's use of the content based criteria violated its First Amendment rights, and accordingly sought relief under 42 U.S.C. § 1983. *Id.* at 625. For various reasons, the court denied Emmis's summary judgment motion on the § 1983 claim. *Id.* at 627.

Now, Emmis claims it is entitled to attorney fees as a "prevailing party" under 42 U.S.C. § 1988. Emmis bases its claim on the court's decision to strike down the unconstitutional portion of 45 I.A.C. 2.2.5–26. Under the United States Supreme Court's decision in *Farrar v. Hobby* (1992), —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494, however, Emmis is not a "prevailing party," and is therefore not entitled to an attorney fee award. In *Farrar* the Court stated,

> to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom

fees are sought ... or comparable relief through a consent decree or settlement.... Otherwise the judgment or settlement cannot be said to affect the behavior of the defendant toward the plaintiff.... In short, a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by *modifying the defendant's behavior in a way that directly benefits the plaintiff.*

*Farrar*, at ——, 113 S.Ct. at 573, 121 L.Ed.2d at 503 (emphasis added) (citations, quotations, and alterations omitted). In the present case, the Department's behavior has indeed been modified: it can no longer use 45 I.A.C. 2.2.5–26(b)(2) to decide whether a publication is entitled to the newspaper exemption. Emmis, however, has not received any direct benefit from the modification because it has not yet shown it is entitled to the newspaper exemption without reference to the stricken regulatory language.

In reaching its decision, the Supreme Court relied on the earlier case of *Rhodes v. Stewart* (1988), 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1. *Farrar*, —— U.S. at ——, 113 S.Ct. at 572, 121 L.Ed.2d at 503. In *Rhodes*, the plaintiffs were two prisoners who won declaratory relief against prison officials who violated the plaintiffs' rights under the First and Fourteenth Amendments. The Court reversed a § 1988 fee award because one of the plaintiffs was dead and the other released from prison. Regardless of the modification of prison policies the plaintiffs' declaratory judgment victory might have caused, the plaintiffs could not be affected by that modification and were therefore not entitled to attorney fees. *Rhodes*, 488 U.S. at 4, 109 S.Ct. at 203, 102 L.Ed.2d at 6.

As in *Rhodes*, Emmis has won a judgment declaring that State officials acted unconstitutionally. At the present stage of the proceedings, this is all Emmis could possibly have achieved. Unless and until Emmis shows it is entitled to the newspaper exemption absent the unconstitutional criteria, the

1. Ind.Trial Rule 53.4.

2. Because the decision in *Emmis* was interlocutory, Ind.Appellate Rule 18(B) does not govern

the motion. *See Waldron v. Wilson* (1987), Ind. App., 505 N.E.2d 858, 860, *summarily aff'd in part* (1989), Ind., 532 N.E.2d 1154, 1156.

Department's behavior towards Emmis will necessarily remain unchanged. Unlike the prisoners in *Rhodes,* however, who could not be affected by any change in the prison officials' behavior, Emmis may yet prevail at trial.

For all the reasons discussed, Emmis is not a "prevailing party," and the court therefore DENIES the motion to reconsider. If Emmis prevails at trial, it may renew the fee award question.