OPINION
PER CURIAM.
Appellant Derrick McKinney appeals from an order of the District Court denying his motion for costs and expenses at the conclusion of his civil rights trial. For the reasons that follow, we will summarily affirm the District Court’s order.
I.
As we write solely for the benefit of the parties, we will set forth briefly only those facts necessary to our analysis. In January 2005, McKinney, a prisoner now incarcerated at S.C.I. Graterford, sued three correctional officers, the unit manager, and the superintendent of S.C.I. Camp Hill, where he was incarcerated at the initiation of his case. In his suit, McKinney alleged that he was assaulted by the correctional *712 officers, in violation of the Eight Amendment, in an attempt to coerce him into dropping an unrelated civil rights lawsuit against other prison officials.
After initiating the lawsuit pro se, McKinney was appointed counsel just pri- or to trial. Before trial, one of the correctional officers passed away and was dismissed from the case. After trial, the jury granted judgment in favor of the unit manager and superintendent of the prison as to all claims, granted judgment on the First Amendment claims in favor of the surviving correctional officers, but granted judgment in McKinney’s favor against the surviving correctional officers on his Eighth Amendment claim. Despite concluding that the correctional officers had violated McKinney’s Eighth Amendment rights, the jury decided that he was not entitled to any compensatory or punitive damages at all. The jury was not asked whether to award nominal damages.
Soon thereafter, McKinney, claiming that he was a prevailing party, filed a motion for expenses and costs. The parties briefed the issue, and the District Court denied the motion “[f]or all the reasons set forth in the defendants’ brief....” McKinney appealed, and his motion to proceed in forma pauperis was granted.[1]
II.
We have jurisdiction pursuant to 28 U.S.C. § 1291. Typically, to appeal a judgment, the notice of appeal must be filed within 30 days of its entry. Rule 4(a)(4) of the Federal Rules of Appellate Procedure lists six types of motions which delay the start of the time for filing a notice of appeal until after an order disposing of said motion is entered. Rule 4(a)(4)’s list does not include motions like McKinney’s, seeking court costs. McKinney filed his notice of appeal after the expiry of the deadline to appeal the judgment itself, so pursuant to Fed. R.App. P. 4(a)(4), his appeal is timely only as to whether the District Court properly denied him court costs. Accordingly, our review is limited to that discreet issue. We may summarily affirm the District Court’s order if the appeal presents no substantial issue. See 3rd Cir. LAR 27.U and IOP 10.6.
III.
McKinney claims that he is a prevailing party entitled to costs and expenses pursuant to Fed.R.Civ.P. 54(d)(1), 28 U.S.C. § 1915, and 28 U.S.C. § 2412(a) because the jury concluded that two of the defendants violated his Eighth Amendment rights. At the onset we note that 28 U.S.C. § 2412(a) is inapplicable here because it applies only to civil actions “brought by or against the United States or any agency or official of the United States.”
Under Rule 54(d)(1), “[ujnless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney’s fees — should be allowed to the prevailing party.” Subsection (f)(1) of 28 U.S.C. § 1915 permits awards of costs at the conclusion of a suit advanced by an indigent prisoner “as in other proceedings.” While these sources establish that McKinney was eligible to be compensated for expenses and costs, they do not address the relevant question here, i.e. whether McKinney qualifies as a prevailing party.
The United States Supreme Court addressed the question of what constitutes a “prevailing party” in Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 *713 (1992). In that case the plaintiffs brought a civil rights suit seeking $17 million in damages, but were awarded only $1 because they failed to prove that a due process violation was the proximate cause of any injury. The Supreme Court held that a plaintiff prevails when he receives an enforceable money judgment of any size or “when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant’s behavior in a way that directly benefits the plaintiff.” Id. at 111-112, 113 S.Ct. 566. The Court emphasized that “a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party.” Id. at 112, 113 S.Ct. 566.
Unfortunately for McKinney, he was awarded no damages at all, not even nominal damages, and the judgment cannot be said to have altered his relationship with the defendants, if for no other reason than the fact that he is no longer incarcerated at the prison where they work, and therefore has no relationship with the defendants at all anymore. See Rhodes v. Stewart, 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam) (reversing an award of attorneys fees where one of the plaintiffs passed away and the other plaintiff was released from prison before the litigation resulted in the change in prison policy the plaintiffs sought because the change in policy did not benefit either plaintiff directly). Accordingly, he is not a prevailing party within the meaning of Farrar, and he cannot prevail on his claim.
IV.
For the reasons given, we will summarily affirm the District Court’s order pursuant to 3rd Cir. LAR 27.4 and Chapter 10.6 of the Court’s Internal Operating Procedures.

. After he appealed, McKinney filed a motion for reconsideration with the District Court, but the District Court issued a notice informing him that it no longer had jurisdiction over the case once an appeal was pending.