**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-6564**

---

In Re:  DNA EX POST FACTO ISSUES

--------------------------

ANTHONY EUBANKS,

              Plaintiff - Appellee,

         v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; WILLIAM D. CATOE,
Individually and in his official capacity as Director, South
Carolina Department of Corrections; SOUTH CAROLINA LAW
ENFORCEMENT DIVISION,

              Defendants - Appellants.

---

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   R. Bryan Harwell, District
Judge.  (2:99-cv-05555-RBH)

---

Argued:  December 6, 2011          Decided:  February 15, 2012

---

Before TRAXLER, Chief Judge, and DUNCAN and AGEE, Circuit
Judges.

---

Reversed by unpublished opinion.  Judge Agee wrote the opinion,
in which Chief Judge Traxler and Judge Duncan joined.

---

Andrew Lindemann, DAVIDSON & LINDEMANN, PA, Columbia, South
Carolina, for Appellants.   Justin Kahn, KAHN LAW FIRM,
Charleston, South Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

AGEE, Circuit Judge:

The South Carolina Department of Corrections ("the State") appeals the district court's award of attorneys' fees and costs to Anthony Eubanks. For the reasons set forth below, we reverse the judgment of the district court because it erred in concluding Eubanks qualified as a "prevailing party" under 42 U.S.C. § 1988.

I.

In 1999, Eubanks, a South Carolina inmate, brought suit under 42 U.S.C. § 1983 challenging three requirements of the State Deoxyribonucleic Acid Identification Record Database Act, S.C. Code Ann. § 23-3-600 et seq. ("the Act"): that certain prisoners submit their DNA to a state database; that those prisoners pay a $250 processing fee; and that release or parole from prison was conditioned upon payment of the fee by those prisoners required to pay it.[1] At the time he brought suit, Eubanks had already paid the $250 processing fee. The district

---

[1] A total of ninety-one South Carolina inmates filed suits challenging the Act similar to the proceeding filed by Eubanks. The magistrate judge consolidated the cases, but appointed counsel for Eubanks alone. No class was ever certified, and Eubanks was the sole appellant to this Court when we decided the prior appeal In re DNA Ex Post Facto Issues, 561 F.3d 294 (4th Cir. 2009), upon which his § 1988 claim for attorneys' fees and costs is based.

court granted summary judgment in favor of the State, finding that the DNA collection and fee provisions of the Act were not punitive and therefore did not violate the Ex Post Facto Clause of the U.S. Constitution. In addition, the district court construed the statute not to require deferral of release or parole of prisoners required to pay the fee who had not done so.

On appeal, we affirmed the judgment of the district court with respect to its holding that the collection of DNA and the fee payment provisions were not punitive, and did not violate the Ex Post Facto Clause. In re DNA Ex Post Facto Issues, 561 F.3d 294, 299-300 (4th Cir. 2009). We reversed, however, the court's judgment with respect to its construction of the Act as to the effect of nonpayment of the fee on a prisoner's release or parole. We reasoned that the language of the Act

> unambiguously prohibits the parole or release of a prisoner required to pay the fee until the fee is paid. Since the statute is reasonably susceptible to only this reading, the doctrine of constitutional avoidance does not apply, and we need not defer to any contrary agency construction. And, because the requirement that an inmate not be paroled or released until he has paid his $250 fee, that requirement is unenforceable against [Eubanks] [sic].

Id. at 301 (citation omitted).

On remand, Eubanks sought attorneys' fees pursuant to section 1988. With limited analysis, the district court held that Eubanks "can point to a resolution of the dispute that altered the legal relationship of the parties" in this Court's

4

ruling on the release issue. J.A. 250. Accordingly, the district court determined that Eubanks was a "prevailing party" and awarded him $14,865.82 in fees and costs.

The State took a timely appeal from that judgment, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

### A.

The State's sole contention on appeal is that the district court erred in determining that Eubanks is a prevailing party for purposes of section 1988.[2] Normally, our review of a district court's award of attorneys' fees under section 1988 is for abuse of discretion. Randall v. Prince George's Cnty., Md., 302 F.3d 188, 202 (4th Cir. 2002) (citation omitted). However, whether a litigant qualifies as a "prevailing party" for the purposes of that statute is a legal question that we review de novo. Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 274 (4th Cir. 2002).

### B.

Pursuant to section 1988, "[i]n any action or proceeding to enforce [certain civil rights statutes], the court, in its

---

[2] The State does not challenge the district court's calculation of attorneys' fees and costs awarded to Eubanks. Rather, it argues that Eubanks was not entitled to any award.

5

discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" The Supreme Court has supplied a comprehensive definition of "prevailing party" for section 1988 purposes.

> [A] civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to affect the behavior of the defendant toward the plaintiff. Only under these circumstances can civil rights litigation effect the material alteration of the legal relationship of the parties and thereby transform the plaintiff into a prevailing party. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

Farrar v. Hobby, 506 U.S. 103, 111-12 (1992) (internal citations and quotation marks omitted) (emphasis added).

Applying the Supreme Court's clear directions to this case, we have little difficulty concluding that Eubanks secured no relief that directly benefitted him from our decision in In re DNA Ex Post Facto Issues. There, we concluded that the $250 fee and the DNA collection requirement of the Act were constitutional. Eubanks obviously did not gain relief from that aspect of our holding, and he does not claim that he did. The only aspect of our decision that Eubanks has asserted granted

6

him relief was our conclusion that "the statutory requirement that the $250 fee must be paid before a prisoner is paroled or released from confinement is unenforceable against [Eubanks]." 561 F.3d at 302.

At the time of our prior decision, however, Eubanks had already paid the $250 fee. He did not seek return of the fee, and we did not order the fee remitted to Eubanks. To the contrary, we ruled that the fee was lawfully assessed. Because he paid the fee, the State could not have withheld an otherwise scheduled parole or release in any event, even if we had not ruled that such a condition of release was unconstitutional. Thus, Eubanks' legal relationship with the State remained unchanged.

We agree with the State that this case is controlled by Rhodes v. Stewart, 488 U.S. 1 (1988). In that case, two prisoners who challenged prison policies received a declaratory judgment, finding that the prison policies violated their civil rights. Rhodes, 488 U.S. at 2. The ruling was merely declaratory in nature because, by the time of the judgment, one of the plaintiffs had died and the other had been released from confinement. Id. at 4. The Supreme Court reasoned that the plaintiffs received no relief as a result of the judgment purportedly in their favor because "[a] modification of prison

7

policies . . . could not in any way have benefited either plaintiff[.]" Id.

Similarly, our decision in In re DNA Ex Post Facto Issues did not "directly benefit [Eubanks] at the time of the judgment or settlement." Farrar, 506 U.S. at 111. Eubanks can point to no benefit, direct or otherwise, that is sufficient to constitute relief for the purpose of attaining prevailing party status. Nor can he point to any "material alteration of the legal relationship of the parties." Id. Eubanks is simply not a "prevailing party"[3] within the meaning of section 1988.

On appeal, Eubanks argues for the first time that there is "nothing that supports the contention [that] Mr. Eubanks paid the processing fee long before this Court's ruling." Br. of Appellee at 16. This about-face on appeal flatly contradicts representations he made to the district court in filings during his initial challenge to the statute. In his Second Amended Complaint, Eubanks stated that he "had his prison financial

---

[3] Eubanks claims that this case is distinct from Rhodes because other inmate plaintiffs in the original litigation were affected by this Court's judgment in In re DNA Ex Post Facto Issues. At bottom his claim is highly speculative, and Eubanks does not offer any evidence of any inmate who did not pay the fee (and thus would have benefitted from our ruling). Moreover, the mere potential that other inmates benefitted from our ruling has no effect on whether Eubanks himself secured relief that "directly benefitted him at the time of the judgment or settlement." Farrar, 506 U.S. at 111.

account debited by [the State] pursuant to [the Act]." J.A. 19. In his motion for summary judgment, Eubanks again stated that the State "took money from [his] prison account." J.A. 45. And most importantly, in our prior opinion, we found that "[i]n 1999 [the State] began the process of obtaining the inmate samples and collecting the fees from their prison trust funds. Pursuant to this process, Eubanks was required to provide a sample and [the State] <u>deducted the full processing fee from his trust account</u>." <u>In re DNA Ex Post Facto Issues</u>, 561 F.3d at 298 (emphasis added).

It is clear that Eubanks may not now seek to relitigate the issue of whether he had paid the processing fee. "Under the 'law of the case' doctrine, the 'findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." <u>Heathcoat v. Potts</u>, 905 F.2d 367, 370 (11th Cir. 1990) (citation omitted).[4] Eubanks has not come forth with any new evidence, other than his own unsupported assertion, that would require us to revisit a fact that he actually pled in his initial complaint. That Eubanks paid the

---

[4] Although the law of the case doctrine is not without exception, <u>see</u> <u>United States v. Aramony</u>, 166 F.3d 655, 661 (4th Cir. 1999), none of the exceptions apply in this case to prevent application of the facts of our prior ruling.

processing fee is law of the case, and Eubanks may not now seek to disturb that fact at this late date.

In short, Eubanks gained nothing from our opinion in In re DNA Ex Post Facto Issues.  Our ruling did not "alter[] the legal relationship between [the State and Eubanks] by modifying the defendant's behavior in a way that directly benefitted the plaintiff."  Farrar, 506 U.S. at 111-12.  He is not a "prevailing party" entitled to attorneys' fees under section 1988, and the district court erred in finding otherwise.

III.

For the foregoing reasons, the judgment of the district court is reversed.

REVERSED

10