

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID R. PRIEST,

          Plaintiff-Appellant,

  v.

D. HOLBROOK, Superintendent;
JACKSON, Custody Program Supervisor;
A. ALVAREZ-JACKSON, Custody Unit
Supervisor; DAVID BREWER, Unit Sgt;
DUNCAN, Correction Officer #7388W;
DOE, Correction Officer #7423,

          Defendants-Appellees.

No.   20-35178

D.C. No. 2:17-cv-00133-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted March 5, 2021[**]
Seattle, Washington

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,*** District Judge.

Plaintiff/Appellant David Priest, a registered member of the Colville Indian Tribe, appeals the district court's grant of summary judgment in favor of various Washington State Penitentiary (WSP) employees that he claims violated his constitutional and statutory rights by stealing or destroying his sacred golden eagle feathers after he was transferred from his single-person cell to segregation. Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo and "may affirm on any basis supported by the record." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009) (citing *Burrell v. McIlroy*, 464 F.3d 853, 855 (9th Cir. 2006)). We affirm.

1. The district court correctly dismissed Priest's constitutional claims[1] based on his failure to present evidence of Defendants' integral participation in the taking

***     The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

[1] Priest argues that the district court erroneously dismissed his equal protection and due process claims sua sponte. It does not appear that these claims were before the district court. *See Priest v. Holbrook*, No. 2:17-cv-00133-JLQ, 2017 WL 6328945, at *4 (E.D. Wash. Dec. 11, 2017), *rev'd by* 741 F. App'x 510 (9th Cir. 2018) (reversing and remanding, and only discussing Priest's First Amendment and RLUIPA claims). Even so, Priest's additional constitutional claims also suffer from lack of integral participation as discussed *infra.*

or desecrating of his golden eagle feathers. An individual's liability under § 1983 "is predicated on his 'integral participation' in the alleged violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (quoting *Chuman v. Wright*, 76 F.3d 292, 294–95 (9th Cir. 1996)). Although "[i]ntegral participation does not require that each officer's actions themselves rise to the level of a constitutional violation . . . it does require some fundamental involvement in the conduct that allegedly caused the violation." *Id.* (internal citation omitted).

With respect to Defendants allegedly present at the scene (Lieutenant David Brewer, Correctional Officer (CO) William Duncan, and CO Doe, aka Jose Barreras-Miranda), Priest's testimony establishes that Brewer, Duncan, and Barreras-Miranda were working the third shift, during which Priest was transferred from his single-person cell to segregation and COs packed up his personal property. Our precedent, however, squarely forbids a jury from inferring liability from presence alone. *See Jones v. Williams*, 297 F.3d 930, 937 (9th Cir. 2002) ("[H]olding individual officers who were merely present at the search liable for such misconduct would go well beyond what [our precedent] would allow."). Thus, permitting Priest to proceed to trial on this record would not have "allow[ed] a permissible inference, it would have afforded an impermissible basis for liability." *Id.* at 938.

3

Nor can Priest establish causation through the doctrine of res ipsa loquitur. Even assuming, as the district court did, that such a theory of causation could apply to Priest's § 1983 claim, Priest has not demonstrated exclusive control. *See, e.g., Jones*, 297 F.3d at 939 (Silverman, J., concurring). The record establishes that "six or seven COs" were in Priest's unit during the third-shift. This precludes a finding that named Defendants were the *only* officers who knew what occurred when Priest's cell was packed up. And while it is plausible that Duncan and Barreras-Miranda were "at some point, uniquely responsible for Mr. Priest's property," nothing in the record indicates the golden eagle feathers were not already gone by the time Duncan and Barrerras-Miranda received Priest's property in inventory.

Priest likewise fails to offer evidence demonstrating that Brewer, Superintendent Holbrook, Custody Program Supervisor Jackson, and Custody Supervisor Alvarado-Jackson are liable under a theory of supervisory liability. *See Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). Priest's testimony merely establishes that Brewer was present during the third shift. Priest likewise fails to designate specific facts showing a genuine issue as to whether Holbrook, Jackson, and Alvarado-Jackson caused the alleged constitutional violations. Instead, Priest asks us to make broad inferences from the record, insisting his grievances demonstrate an "obvious lack of investigation." We decline to do so.

2.  The district court also correctly concluded that Priest's lack of evidence of a policy or practice prohibiting him from practicing his religion is fatal to his claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*; *see Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005).  We first note that Priest's 2018 release from prison moots any claim under RLUIPA for injunctive and declaratory relief.  *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."); *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam) (same for declaratory relief).  Even so, Priest's claim also fails on the merits.  Priest argues that WSP's COs have a "practice of not securing religious property."  The record does not support Priest's contention, as he testified that he was unaware of other instances in which COs violated WSP policy when transporting his or another an inmate's religious property.

**AFFIRMED.**

5