

# NUMBER 13-09-00675-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROLAND MIGUEL GUZMAN,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Garza

On March 13, 2009, appellant Roland Miguel Guzman was indicted on one count of evading arrest or detention, a state-jail felony. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(A) (Vernon Supp. 2009). Pursuant to the terms of a plea agreement, Guzman pleaded guilty to the offense and was placed on deferred adjudication community supervision for a period of four years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a)

(Vernon Supp. 2009). On October 19, 2009, the State filed a motion to revoke Guzman's community supervision, alleging that Guzman had committed seven different violations of the terms of his community supervision.[1] Guzman pleaded "true" to all seven of the allegations. He was then adjudicated guilty of the underlying offense and sentenced to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice. The trial court certified Guzman's right to appeal, and this appeal followed. We affirm.

## I. *ANDERS* BRIEF

Guzman's court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and that "[t]here are no arguable points of error, fundamental or otherwise, upon which [Guzman] could obtain relief from the conviction in the trial court . . . ." *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief therefore meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and has found no arguable grounds to advance on appeal, (2) served a copy of the brief and motion to withdraw on Guzman, and (3) informed Guzman of his right to

---

[1] The State's initial motion to revoke alleged that Guzman violated eight terms of his community supervision. However, the State abandoned one of the terms at the hearing on the motion to revoke.

review the record and to file a pro se response.[2]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3.  More than an adequate time has passed, and no pro se response has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the record and find that the appeal is wholly frivolous and without merit.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Guzman's counsel has filed a motion to withdraw.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no writ.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant the motion to withdraw.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

We further order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgment to Guzman and advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
12th day of August, 2010.

---

[3] No substitute counsel will be appointed.  Should Guzman wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3, 68.7. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.