

# NUMBER 13-11-024-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BRYCE ONEIL HARRIS,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                     Appellee.

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Bryce ONeil Harris, pleaded nolo contendre to the felony offense of

tampering with physical evidence.   *See* TEX. PENAL CODE ANN. § 37.09(d)(1) (West Supp.

2010).  Appellant was given three years' deferred adjudication community supervision, ordered to complete 200 hours of community service, and fined $1,500.00.   On October 29, 2010, the State filed a motion to adjudicate guilt, asserting that appellant had violated the provisions of his community supervision by:   (1) possession of a controlled substance, possession of a dangerous drug, possession of marihuana, possession of a prohibited weapon and tampering with physical evidence with the intent to impair; (2) failing to abstain from the use of any substance capable of or calculated to cause intoxication; (3) failing to not be in the possession of a rifle, shotgun, revolver, or any other weapon; (4) failing to pay fines, court costs and supervisory fees; (5) failing to not be in possession of intoxicants, narcotics, other controlled substances, or illegal drugs; and (6) failing to not be in the possession of weapons of any description, including firearms. After a hearing, the trial court adjudicated him guilty of tampering with physical evidence as alleged in the indictment, and sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice.   Appellant timely perfected this appeal, and as discussed below, his court-appointed counsel filed an *Anders* brief.   We affirm.

## I.   *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.   By the *Anders* brief, counsel raises possible issues and then demonstrates why no reversible error exists.   He raises sufficiency of the evidence, whether the sentence imposed was cruel and unusual, and whether the trial court erred in

2

partially denying appellant's motion to suppress. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[1] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

75, 80 (1988).   We have reviewed the entire record and counsel's brief, and have found nothing that would arguably support an appeal.   *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   There is no reversible error in the record.   Accordingly, the judgment of the trial court is affirmed.

## III.   MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw.   Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2]   *See* TEX. R. APP. P. 48.4;

---

[2]   No substitute counsel will be appointed.   Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.   *See* TEX. R. APP. P. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See* TEX. R. APP. P. 68.4.

4

*see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673

(Tex. Crim. App. 2006).


                                        ROSE VELA
                                        Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of January, 2012.