

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00263-CR

**LEAH OLIVIA SANCHEZ,**

                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                              **Appellee**

---

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. FAM-09-19900

---

## MEMORANDUM  OPINION

---

Appellant, Leah Olivia Sanchez, was charged by indictment with aggravated assault with a deadly weapon-family violence, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West 2011). Pursuant to an agreement with the State, appellant pleaded guilty to the lesser-included offense of aggravated assault with a deadly weapon, a second-degree felony. *See id.* § 22.02(a)-(b). Appellant was placed on community supervision for a period of five years with a $1,000 fine.

On November 5, 2010, the State filed its first motion to revoke appellant's community supervision and adjudicate guilt, alleging eight violations of the terms and conditions of her community supervision. As a result of the alleged violations, the terms and conditions of appellant's community supervision were amended to include, among other things, a provision requiring appellant to serve thirty days in the Coryell County Jail. On October 2, 2012, the terms and conditions of appellant's community supervision were amended a second time to require that appellant participate in a psychological evaluation.

Thereafter, on February 13, 2013, the State filed its second motion to revoke appellant's community supervision and adjudicate guilt, asserting seven additional violations. This time, without the benefit of a plea agreement with the State, appellant pleaded "true" to several of the allegations contained in the State's motion and stipulated to the evidence in support of those allegations. At a hearing on the State's motion, the trial court revoked appellant's community supervision and sentenced her to six years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals from this judgment, and we affirm.

## I.    *ANDERS* **BRIEF**

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel filed a brief with this Court, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated. Accompanying counsel's brief is a motion to withdraw in this appellate cause number. Counsel's brief presents a professional evaluation of the

record demonstrating why there are no arguable grounds to be advanced in this appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance in this appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of her right to review the record and to file a pro se response in this appeal.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). After reviewing the entire record and counsel's brief, we have found nothing that would arguably support an appeal in this matter. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgment of the trial court is affirmed.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant in this matter. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise her of her right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, she must either retain an attorney to file petitions for discretionary review or must file pro se petitions for discretionary review. Any petition for discretionary

AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed December 5, 2013
Do not publish
[CR25]

review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.